UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LORRAINE NETHERTON, ) | |
| ) | CASE NO. C13-1281-JCC-MAT |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER RE: PETITIONER'S |
| ) | "FIRST MOTIONS" |
| JANE PARNELL, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner submitted a document entitled "First Motions." (Dkt. 28.) Now, having considered that submission, as well as the response from respondent (Dkt. 32) and petitioner's reply (Dkt. 33), the Court does hereby find and ORDER as follows:

(1) Petitioner's request to have the state court record electronically filed in the Court's electronic filing system – CM/ECF – is DENIED. Respondent properly, and in accordance with the longstanding practice of this Court, submitted the state court record in paper form. The Court finds no basis for departing from its standard practice in this case.

(2) Petitioner requests that respondent be directed to file additional documents or, in

ORDER
PAGE -1

the alternative, that the record be expanded to include such documents.  As related to the Report of Proceedings and Personal Restraint Petition Exhibits A-U ("PRP exhibits") and as conceded by petitioner, this request is now moot given the filing of these documents, by respondent and petitioner respectively.  (*See* Dkts. 28 & 29.)[1]  However, petitioner failed to comply with federal and local civil rules in submitting the PRP exhibits, as well as additional exhibits attached to her reply, without redaction of personal data identifiers, such as names of minor children and dates of birth.  *See* Fed. R. Civ. P. 5.2 and LCR 5.2.  As such, the Court herein directs the Clerk to STRIKE the unredacted exhibits (*see* exhibits attached to Dkts. 28 & 33), and directs petitioner to REFILE the exhibits for inclusion in the record in a properly redacted form.[2]

Petitioner also seeks the expansion of the record to include the Clerk's Papers on Petitioner's Appeal ("clerk's papers") and the trial exhibits.  The Court, however, finds no basis for granting this request.  First, respondent is not required to provide such documents. *See* Rule 5(d) of the Rules Governing Section 2254 Cases (requiring filing of state court briefs, opinions, and dispositive orders).  Second, it appears neither party to this matter possesses or has current access to those documents.  (*See* Dkt. 32 at 5 and Dkt. 33 at 2.)  Third, petitioner fails to identify any basis for the filing or consideration of any particular clerk's papers or trial exhibits in this habeas matter.  Petitioner, at most, asserts that the "relevance and need for

---

[1] Respondent, in her Answer and Submission of Relevant State Court Record, noted that exhibits were missing from the record she received from the state court and stated she did not object to the submission of such exhibits by petitioner's counsel with the traverse.  (Dkt. 11 at 9, n.2 and Dkt. 12 at 2, n.1.)

[2] Petitioner should also take care to correct any other errors in the submission of these exhibits.  As respondent observes, it appears that petitioner failed to submit PRP exhibit G and submitted duplicate copies of exhibits H and J.

ORDER
PAGE -2

further expansion of the record to include these documents should be among the subjects addressed in the further briefing on the procedural issues and the merits[.]" (Dkt. 33 at 2.) In the absence of some more specific showing, the Court finds no justification for an expansion of the record to include any clerk's papers or trial exhibits not already provided as a part of the state court record. For this reason, and for the reasons stated above, petitioner's request for an order requiring respondent to file additional documents or to otherwise expand the record beyond documents already filed, or anticipated to be refiled as directed above, is DENIED.

(3) Petitioner asks that the Court review all portions of the record referenced in the petition, the Answer, and related motions and memoranda. However, the Court finds no ruling necessary in relation to this request. As respondent observes, the Court considers the entire state court record filed in considering a petitioner's habeas claims. Accordingly, so long as all documents filed by the parties were part of the state court record, they will necessarily be considered.

(4) Petitioner requests a ruling that the state courts did not adjudicate her constitutional claims on the merits and, therefore, that there is no state decision to which deference is due under 28 U.S.C. § 2254(d). She maintains that, pursuant to her interpretation of a state rule of procedure addressing the consideration of personal restraint petitions, the state court failed to consider her claims on the merits by allowing for their consideration by the Acting Chief Judge of the Washington Court of Appeals, rather than referring the claims to a panel of judges. *See* Wash. RAP 16.11(b) ("If the issues presented are frivolous, the Chief Judge will dismiss the petition. If the petition is not frivolous and can be determined solely on the record, the Chief Judge will refer the petition to a panel of judges for determination on the

ORDER
PAGE -3

merits. If the petition cannot be determined solely on the record, the Chief Judge will transfer the petition to a superior court for a determination on the merits or for a reference hearing.") The Court finds the request for a ruling premature and a final determination properly included in the Report and Recommendation addressing petitioner's habeas claims.[3] However, petitioner is advised that the Court's preliminary review of this argument compels the conclusion that it lacks merit.

Habeas relief may not be granted with respect to any claim "adjudicated on the merits in State court proceedings" unless the State court decision was unreasonable. 28 U.S.C. § 2254(d). The phrase "adjudicated on the merits" does not require any particular kind of hearing at the state court level. *See Lambert v. Blodgett*, 393 F.3d 943, 965-69 (9th Cir. 2004). Rather, "a state has 'adjudicated' a petitioner's constitutional claim 'on the merits' for purposes of § 2254(d) when it has decided the petitioner's right to post conviction relief on the basis of the substance of the constitutional claim advanced, rather than denying the claim on the basis of a procedural or other rule precluding state court review of the merits." *Id*. at 969. Moreover, "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v.*

---

[3] Petitioner also suggests it is unclear by what authority the undersigned would issue a Report and Recommendation in this matter, asserting a lack of an order of reference pursuant to 28 U.S.C. § 636 or MJR 4. However, by General Order of this Court, all prisoner cases, except those filed under 28 U.S.C. § 2255, are assigned upon filing to both a U.S. District Judge and a U.S. Magistrate Judge, and "deemed referred pursuant to 28 U.S.C. § 636." Amended General Order 03-12 at 2-3 (issued September 12, 2012) (also stating: "The designated magistrate judge will handle non-dispositive matters, and submit a Report & Recommendation on dispositive matters.") The Court further observes that the case cited by petitioner in support of this contention is plainly inapposite. *See Allen v. Meyer*, No. 11-16714, 2014 U.S. App. LEXIS 11639 at *2-6 (9th Cir. Jun. 20, 2014) (finding final judgment issued by magistrate judge in a civil rights proceeding invalid given the failure to obtain the consent of both parties to proceed before a magistrate judge).

ORDER
PAGE -4

*Richter*, ___ U.S. ____, 131 S. Ct. 770, 784-85 (2011)  (also stating:  "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely.") (internal and other cited sources omitted).  An adjudication on the merits is presumed even where the state court issues a summary denial "unaccompanied by an opinion explaining the reasons relief has been denied[,]" *id*., or where "the state court addresses some of the claims raised by a defendant but not a claim that is later raised in a federal habeas proceeding[,]" *Johnson v. Williams*, ___ U.S. ___, 133 S. Ct. 1088, 1096 (2013).

Here, the fifteen-page decision of the Acting Chief Judge addresses petitioner's claims on the merits.  (Dkt. 12, Ex. 32.)  There is no indication the denial of relief rested on procedural grounds, or any consideration other than the merits of the claims presented.  Petitioner fails to identify any support for a contention that the mere fact that the merits review resulted in a conclusion that the claims were frivolous, or the fact that the analysis was conducted by the Acting Chief Judge, rather than a panel of judges, somehow nullifies the merits analysis for purposes of habeas review.  Petitioner should, therefore, anticipate this Court's review of her claims pursuant to § 2254(d).

(5)     Petitioner's request for further briefing on the need for discovery, an evidentiary hearing, or further record expansion is DENIED as premature.  However, petitioner's request for further briefing on the merits of her claims is GRANTED.  It appears that, given petitioner's belief that the deferential standard set forth in § 2254(d) should not be applied to her claims, she failed to respond to respondent's Answer with consideration of that standard.  (*See* Dkt. 27.)   As such, the Court finds it prudent to provide petitioner with an opportunity to submit a supplemental traverse responsive to the arguments set forth in the Answer.

Respondent's Answer is herein RENOTED for consideration on **August 22, 2014**. Petitioner may file and serve a supplemental response no later than **August 18, 2014**, and respondent may file and serve a reply no later **August 22, 2014**.

    (6)    The Clerk shall send a copy of this Order to the parties and to the Honorable John C. Coughenour.

DATED this 28th day of July, 2014.

_____
Mary Alice Theiler
Chief United States Magistrate Judge

ORDER
PAGE -6